No. 32.—DAVIS & MIZZELL, plaintiffs in error, *vs.* JAMES M. STANFORD, defendant in error.

[1.] S brought suit against D & M, upon a promissory note, purporting to be signed by them as partners. D filed a plea of *non est factum*. There was a verdict for the plaintiff, from which D alone appealed. Upon the trial of that appeal: *Held*, that S could not use M as a witness, to prove the liability of D, as M was interested in casting on D a portion of the liability which was then sustained alone by himself.

Complaint, in Marion Superior Court. Decision by Judge WORRELL, at February Term, 1855.

James M. Stanford brought suit against Davis & Mizzell, on a note purporting to be signed by them as partners. Davis filed a plea of *non est factum*. On the trial of that issue on the appeal, the first verdict having been against the defendants, and Davis only having appealed, plaintiff offered Mizzell as a witness, to prove the partnership, and his authority to sign the name of Davis to the note. The Court admitted him as a witness, and this decision is assigned as error.

PRYOR & DAVIS, for plaintiffs in error.

OLIVER & CLEMENTS, for defendant in error.

Davis & Mizzell *vs.* Stanford.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] It is very plain that Mizzell is an interested witness in this issue—interested to throw a portion of that liability upon Leonidas O. Davis, which would otherwise have to be responded to, solely by himself.   He cannot, therefore, be a witness in the case, without violating a primary rule of evidence.

It is true, that our Act of 1854 allows any party to the record to be subpœnaed and sworn by his adversary; and thus, removes all objections growing out of the relation of the witness to the case, as a party, and as between him and the party swearing him—the latter waiving all such objections, by thus summoning his adversary.   But the Statute was not intended, otherwise or further to dispense with the rules of evidence.   It was not intended, for example, to admit hearsay testimony from the party sworn, nor to allow him to give parol evidence of a written contract or secondary evidence, when better evidence was in the power of the party.   In short, it was designed, only that the testimony of such party, thus invoked, should be received, subject to the rules of evidence applicable to all other testimony.

One of these rules is, that a witness shall not be allowed to testify when he is interested in the result; and therefore, the plaintiff cannot be permitted to use Mizzell as a witness, though he be a party to the record, for the purpose of proving a fact which casts on Davis a liability now alone sustained by the witness.

Judgment reversed.